# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
HARRY MCDONALD,

        Petitioner,

            v.

NEDRA CHANDLER, Warden, Dixon
Correctional Center,

        Respondent.

No. 11 CV 411
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Petitioner Harry McDonald ("McDonald" or "Petitioner") is incarcerated at Dixon

Correctional Center in Dixon, Illinois and is identified as prisoner number K77375. In 1999, a

jury in the Circuit Court of Cook County, Illinois found McDonald guilty but mentally ill of four

counts of first degree murder and one count of aggravated arson. *See People v. McDonald*, 769

N.E.2d 1008 (Ill.App.2002). McDonald received a life sentence without the possibility of parole

for the first degree murder convictions and a consecutive sentence of thirty years in prison for the

arson conviction. *Id.* at 1011. McDonald now petitions for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. For the reasons set forth below, the petition for habeas corpus is denied.

### 1. BACKGROUND

In a petition for habeas corpus, findings of fact made by the state courts are presumed to

be correct and may only be rebutted by clear and convincing evidence to the contrary. 28 U.S.C.

§ 2254(e)(1); *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009); *see also Daniels v. Knight*,

476 F.3d 426, 434 (7th Cir. 2007). Petitioner failed to bring a claim pursuant to § 2254(e)(1).

Therefore, I adopt the procedural history of the Illinois state courts.

Procedural History[1]

Following his trial court conviction, McDonald filed a direct appeal asserting five claims:

> (1) the jury's determination he was sane was against the manifest
> weight of the evidence.  He also [contended] the trial court abused
> its discretion when it (2) denied his request to give his diaries to
> the jury during its deliberation; (3) limited his cross-examination of
> the State's expert, forensic psychiatrist Dr. Albert Stipes; (4)
> denied his request for second degree murder instructions; (5)
> denied his request for a non-IPI instruction recognizing the
> consequence of a verdict of not guilty by reason of insanity; and (6)
> refused to allow him to argue last – in a rebuttal closing argument
> – the issue of his sanity.

*People v. McDonald*, 769 N.E.2d at 1011.  On May 1, 2002, the Illinois Appellate Court

affirmed. *See id.*

On June 21, 2002 McDonald filed a *pro se* state postconviction petition pursuant to 725

ILCS 5/122-1. *People v. McDonald*, 373 Ill.App.3d 876, 311 Ill.Dec. 932, 869 N.E.2d 945, 947

(Ill.App.2007).  The petition was received by the Circuit Court clerk's office June 28, 2002. *Id.*

In his state postconviction petition, McDonald made eight claims:

> (a) the trial court was biased against him and denied him a fair trial;
> (b) the trial court relied on illegal evidence obtained from the State;
> (c) the police engaged in coercion and stole money;
> (d) the trial court improperly tried to compel petitioner to testify;
> (e) the trial court prejudged the issue of petitioner's competency;
> (f) the State failed to disclose evidence to petitioner;
> (g) appellate counsel rendered ineffective assistance on direct appeal for failing to
> raise the aforementioned claims; and
> (h) the State made an improper comment before the jury.

*See* Resp't Ex. D (Postconviction petition, *People v. McDonald*, No. 1-99-4233).  On November

---

[1] Because Respondent's principal defenses are procedurally based (and ultimately dispositive), I emphasize that background rather than the underlying facts of the case.  For a full recitation of the gruesome facts of the case, *People v. McDonald*, 769 N.E.2d 1008, 1011-1015 (Ill. App. 2002).

14, 2003, the circuit court summarily dismissed McDonald's petition. *People v. McDonald*, 869 N.E.2d at 947.

McDonald filed a motion for summary remand, contending that the circuit court failed to enter its order within 90 days of filing and docketing the petition and that the circuit court erred in finding the pleading was improperly designated as a postconviction petition. *Id.* On March 4, 2005, the appellate court granted Petitioner's motion. *Id.*

The State filed a petition for leave to appeal ("PLA") in the Illinois Supreme Court, arguing that the appellate court erred in ruling that the ninety-day clock began running when the trial clerk physically received the filing and that the petition was adequately labeled. *See* Resp't Ex. H at 8-16 (PLA, *People v. McDonald*, No. 100425). On September 27, 2006, the Supreme Court denied the PLA, but issued a supervisory order vacating the judgment and directing the appellate court to reexamine the case in light of *People v. Brooks,* 851 N.E.2d 59 (Ill. 2006). *People v. McDonald*, 869 N.E.2d at 947. The appellate court found that McDonald's postconviction petition was both timely and adequately labeled, and then remanded to the trial court for further proceedings. *Id.* at 950.

On remand, the trial court dismissed the petition without granting an evidentiary hearing. *See* Resp't Ex. N (February 18, 2009 transcript, *People v. McDonald*, Cook Cty. Cir. Ct., No. 95 CR 19883). McDonald again appealed to the state appellate court. This time however, he contended only that the thirty-year sentence the trial court imposed for aggravated arson was void under Illinois law because it was consecutive to the natural life sentence for first degree murder. *See* Resp't Ex. O (Petitioner's Brief, *People v. McDonald*, No. 1-09-0511). On June 30, 2011, the state appellate court affirmed. *See* Resp't Ex. R (Order, *People v. McDonald* (Ill.App.2010)).

Petitioner filed a PLA with the Illinois Supreme Court, asserting the same sentencing claim. *See* Resp't Ex. S at 7-9 (PLA, *People v. McDonald*, No. 110989). On November, 24, 2010, the supreme court denied the PLA. *People v. McDonald*, 238 Ill.2d 666, 347 Ill.Dec. 256, 942 N.E.2d 459 (Table) (Ill. 2010).

McDonald now petitions for a writ of habeas corpus with this Court, raising four claims: (1) he is being held in an improperly classified state correctional center; (2) he was denied his statutory speedy trial rights under Illinois law; (3) he was denied impartial jury due to the prosecutor's comments; and (4) his arrest was illegal because it was based on an invalid warrant. Pet'r Br. at 5-7.

2. STANDARD OF REVIEW

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus…is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1349 (2004)). "Fair presentment" requires the petitioner to assert his federal claims through "one complete round of state-court review, either on direct appeal" or in postconviction proceedings. *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999). More specifically, petitioner must present his claims "at each and every level in the state court system." *Id.* A claim is procedurally defaulted if the habeas petitioner fails to give "the state courts a meaningful opportunity to consider the substance of the habeas claims that he later presents in his federal challenge." *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005).

Procedural default will bar a habeas petitioner's claims, unless the petitioner can show either (1) "cause for and prejudice stemming from that default" or (2) "that the denial of relief

will result in a miscarriage of justice." *Lewis*, 390 F.3d at 1026 (citing *Wainwright v. Sykes*, 433 U.S. 72, 86-87, 97 S.Ct. 2497, 2506 (1977); *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S.Ct. 2639, 2649 (1986)). "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Id.* (citing *Murray*, 106 S.Ct. at 2645, 2648.) "Prejudice is established by showing that the violation of the petitioner's federal rights worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (internal quotations omitted) (citing *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596 (1982)). Alternatively, to show that procedurally barring the petition would result in a miscarriage of justice, "the petitioner must show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327-29, 115 S.Ct. 851, 867-68 (1995)).

### 3. ANALYSIS

McDonald raises four claims: (1) he is being held in an improperly classified state correctional center; (2) he was denied his statutory speedy trial rights under Illinois law; (3) he was denied impartial jury due to the prosecutor's comments; and (4) his arrest was illegal because it was based on an invalid warrant. Pet'r Br. at 5-7. Claims 1, 2 and 4 are procedurally defaulted because Petitioner failed to pursue these claims in state court, either on direct appeal or in the postconviction proceeding. *See Lewis*, 390 F.3d at 1026 (holding petitioner's habeas claims procedurally defaulted because he failed to pursue the claims on direct appeal or in postconviction proceedings).

Similarly, Claim 3 is also procedurally barred. While McDonald raised the issue of an impartial jury in his postconviction petition, he failed to pursue the claim "at each and every level in the state court system." *Id.* at 1025. As the Supreme Court explained "[o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971)). When Petitioner failed to raise the issue of an impartial jury in his PLA to the Illinois Supreme Court and instead sought habeas relief with this Court, the claim was procedurally defaulted. *See id.* at 1027 (holding petitioner's claim procedurally barred because "after raising [the claim] in his [postconviction] petition, [he] failed to pursue that claim through one complete round of review in the Illinois courts").

Furthermore, Petitioner has not established an exception to procedural default for any of his claims. McDonald has neither shown cause for the procedural default, nor the potential for the miscarriage of justice if habeas relief is barred by procedural default. Accordingly, the petition for habeas corpus is denied.

4. Conclusion

Because Petitioner's claims are procedurally barred for failure to raise them in one complete round of state-court review and Petitioner has not established an exception to procedural default, this Court cannot review the merits of Petitioner's habeas claims. Additionally, I need not reach the question of whether the claims are cognizable, because even if so they would be procedurally barred. Petitioner's writ for habeas corpus is denied.

ENTER:

James B. Zagel
United States District Judge

DATE:  November 19, 2012